COBB, Judge,
concurring specially.
In its unpublished memorandum, the majority holds that the trial court correctly denied Bailey’s request to poll the jury to determine whether any juror had read an article about the case that appeared in a newspaper on the morning Bailey requested the polling. I agree with the majority’s resolution of the case, because it follows our own precedent established in West v. State, 793 So.2d 870 (Ala.Crim.App.2000).
I write specially to mention that the better practice in this case would have been for the trial court to ask the jurors whether any of them had seen or read the newspaper article. The court could have conducted follow-up questioning if that was required — that is, if any juror had stated that he or she had read the newspaper article. This questioning would have been very brief and would not have delayed the trial unnecessarily. Furthermore, the questioning could easily have removed Bailey’s concerns about the jury’s being biased by the article and would have prevented this issue from being raised on appeal.
Finally, I believe that West places an unrealistic burden on the defendant. In West, we held that the trial court properly denied the appellant’s request to poll the jury because he failed to present any evidence indicating that the jurors had read the newspaper article or had heard anything about the article. Unless one of the parties or the court witnesses a juror reading a newspaper in the courthouse, West basically requires a juror to self-report a violation of the court’s instructions to avoid all media reports about the trial, or it requires a family member or acquaintance of the juror to report the juror’s violation of the court’s instruction. Only then will a defendant be able to present evidence showing that a juror saw a newspaper article, thereby supporting a defendant’s request that the court poll the jury. Because West imposes an unrealistic burden on defendants, I believe that that decision should be reconsidered.